Curia, per

Earle, J.
The grounds of the motion in arrest of judgment may well be considered together.
The rules of criminal pleading are very well settled; all *65 the facts and circumstances which constitute the offence, should be stated with such certainty and precision, that the defendant may clearly see what he is charged with. And in cases of homicide, the manner of killing, and the means by which it is effected, should be described. On a careful examination of the indictment before us, we do not perceive that it is defective to the extent supposed. The allegation is, that the prisoner, with a certain rifle gun, charged with gunpowder and two leaden bullets, which in his hands he had and held at and against the said Mary Freeman, then and there, feloniously, <fcc. did shoot off and discharge; and it is urged that here is no sufficient averment that the gun was shot off, or that the contents were discharged. But we think otherwise. To say “with a gun, did shoot off and discharge,” maybe an unusual form of expression; but we cannot say that it is inaccurate; and certainly it is not senseless. When it is added that he did shoot off and discharge with a gun, charged with gunpowder and leaden bullets, the inference seems to be one of absolute certainty, that the contents of the gun were shot off and discharged; for there is nothing else to which these words could be applied. The allegation in substance is, that the prisoner, with a gun charged with powder and bullets, did shoot and discharge at the deceased, Mary Freeman. The same form of expression is used in the indictment of Earl Ferrers, 19 How. St. Tr. 891. The next allegation of the indictment is, that the prisoner, with the leaden bullets aforesaid, by means of shooting off and discharging the said gun so loaded, to, at, and against the said Mary Freeman, did then and there strike, penetrate and wound the said Mary Freeman, and by such striking, <fec. Here too, we conceive that there is a substantial and sufficient allegation, that the gun was discharged at the deceased, that the contents were propelled by force of the gunpowder against her person, and that the mortal wound was thereby inflicted. Words, other than technical terms, used in an indictment, are to be understood in their ordinary and usual acceptation. And when it is said that a wound is inflicted by leaden bullets, by means of shooting off and discharging a gun loaded with gunpowder and bullets, there does not seem to be room for the slightest ambi *66 guity. The court is therefore of opinion, that the first count of the indictment sets forth the manner of killing, and describes the means by which it was effected, with adequate precision and certainty, and that the motion in arrest of judgment cannot prevail. The court is likewise of opinion, that the points of evidence on the trial below, both in regard to the dying declarations of the deceased, and the confessions of the prisoner, were correctly ruled. The other grounds for new trial were not pressed, and require no further remark.
Extract from the Edgefield Advertiser. — Wiley Freeman was, agreeably to his sentence, executed on Friday, 17th February, 1843, between the hours ofl and2 o’clock, P M., about one mile and a half from Edgefield village. After taking his stand under the gallows, he addressed the spectators in a clear and distinct voice, acknowledging the justice of his sentence, and expressing a willingness to forgive all his enemies.
The motion for new trial, and in arrest of judgment, is refused.
O’Neall, Evans, Butler and Wardlaw, JJ., concurred.